**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**ROBERT NELSON HOWELL, JR.**                                                  **PETITIONER**
Reg #09232-026

VS.                           CASE NO.: 2:12CV00087 DPM/BD

**T.C. OUTLAW, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                                    **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**   **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Judge D.P. Marshall Jr. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II.   Introduction

Petitioner Robert Nelson Howell, Jr., filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Docket entry #1)  In his petition, Mr. Howell claims a disciplinary hearing that occurred at the United States Penitentiary ("USP") in Atlanta, Georgia, which resulted in a loss of 40 days of good conduct time, violated his Fifth Amendment due process rights.  Mr. Howell seeks restoration of the lost good conduct time.

Respondent Warden T.C. Outlaw contends that Mr. Howell was given adequate process through the disciplinary hearing procedure, and that Mr. Howell was not prejudiced by having a hearing officer who was also a case manager at the USP.  For the reasons set out below, Mr. Howell's petition for writ of habeas corpus should be dismissed.

## III.   Background

Mr. Howell is currently an inmate at the United States Bureau of Prisons's ("BOP") Federal Correctional Complex ("FCC"), Forrest City, Arkansas.  On January 22, 2007, while an inmate at the USP, Mr. Howell received an incident report charging him

with possession of a hazardous tool. (#1 at p. 18) On January 23, 2007, he was notified of his rights regarding the disciplinary hearing. (#1 at p. 18)

On January 31, 2007, R. Hodge, a Discipline Hearing Officer ("DHO"), conducted a disciplinary hearing. (#1 at p. 19) At the hearing, Mr. Howell did not request a staff representative, but denied the charges. He did not call any witness to testify in his behalf. (#1 at p. 18)

Evidence presented at the hearing revealed that an investigator had conducted a pat search of Mr. Howell's cell mate and had discovered a cell phone. The investigator searched the call history on the phone and determined that one of the telephone numbers recently called was a number on Mr. Howell's approved telephone contact list, and that Mr. Howell was the only inmate at the facility with that telephone number on his list. The investigator concluded that Mr. Howell had used the cell phone to call that telephone number. (#1 at p. 19)

Because Mr. Howell did not produce any credible evidence to dispute the charge, the DHO found Mr. Howell guilty and imposed the following sanctions: disciplinary segregation for 60 days, loss of 40 days of good conduct time, loss of phone privileges for 180 days, and loss of visitation privileges for 90 days. (#1 at p. 20)

IV. **Discussion**

Mr. Howell claims that his due process rights were violated because the DHO who conducted the disciplinary hearing at the USP was also a case manager at the facility. He claims that this violates a BOP regulation found at 28 C.F.R. section 541.2(b).

Warden Outlaw acknowledges that a deprivation of good conduct time implicates a liberty interest protected by the due process clause. (#10 at p. 3) See *Wolff v. McDonnell*, 418 U.S. 539, 555-58, 94 S.Ct. 2963 (1974); see also *Espinoza v. Peterson*, 283 F.3d 949, 951 (8th Cir. 2002). To satisfy due process requirements for a prison disciplinary hearing that results in the loss of good time credits, an inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773 (1985). Additionally, the findings of the prison disciplinary board must be supported by some evidence in the record. *Id*.

It is undisputed that all of these due process requirements were met in this case. Mr. Howell received advanced written notice of the hearing; he had an opportunity to have a staff representative and call witnesses, but declined both; he received a written report from the DHO; and the decision of the DHO was supported by evidence in the record. (#1 at pp. 18-21)

Mr. Howell's argues, however, that the hearing failed to provide due process because the hearing officer was also employed by the BOP as a case manager. As support for this argument, Mr. Howell claims that this practice violates 28 C.F.R. § 541.2(c).[1] (#1 at p. 7) This regulation provides, as follows:

> (c) Discipline Hearing Officer (DHO). This term refers to a one-person, independent, discipline hearing officer who is responsible for conducting Institution Discipline Hearings and who imposes appropriate sanctions for incidents of inmate misconduct referred for disposition following the hearing required by § 541.15 before the UDC.

28 C.F.R. § 541.2(c)(2007).

Mr. Howell's claim that his hearing violated the regulation is unavailing for two reasons. First, the regulation does not, as Mr. Howell suggests, prohibit a BOP case manager from serving as a DHO. The regulation states that the hearing officer must be "independent," meaning impartial or uninvolved in subject matter of the hearing. It does not state that the hearing officer cannot be an employee of the BOP.

The revised regulation clarifies this point, stating that the "DHO will be an impartial decision maker who was not a victim, witness, investigator, or otherwise significantly involved in the incident." 28 C.F.R. §541.8(b) (2011). Mr. Howell has not alleged that the hearing officer in this case, Mr. Hodge, was significantly involved in the

---

[1]Throughout his petition, Mr. Howell refers to 28 C.F.R. § 541.2(b) as the applicable provision, however, it is clear from the quotation that appears on page 7 of his petition that the applicable C.F.R. provision in place in 2007 was 28 C.F.R. § 541.2(c). Amendments to the C.F.R. that went into effect on June 20, 2011, revised this provision and it is now codified at 28 C.F.R. § 541.8(b).

incident or in investigating the incident that resulted in the disciplinary. Additionally, Mr. Howell has not alleged that Mr. Hodge's position as a case manager prejudiced him in any way in the disciplinary proceeding. Consequently, the regulation was not violated.

Second, even if a regulation had prohibited a BOP case manager such as Mr. Hodge from serving as the DHO, a violation of a regulation, standing alone, would not support Mr. Howell's cause. There is no federal due process liberty interest in having prison official follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003).

## V.  Conclusion

Mr. Howell's Fifth Amendment due process rights were not violated in the disciplinary proceeding that resulted in his loss of good conduct time. Therefore, the Court recommends that his petition be denied.

DATED this 18th day of October, 2012.

_____
UNITED STATES MAGISTRATE JUDGE