**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**ROBERT NELSON HOWELL, JR.**                                              **PETITIONER**
Reg #09232-026

VS.                    CASE NO.: 2:12CV00087 DPM/BD

**T.C. OUTLAW, Warden,**
**Federal Correctional Complex,**
**Forrest City, Arkansas**                                                  **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Judge D.P. Marshall Jr. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   Introduction

Robert Nelson Howell, Jr. petitioned the court for a writ of habeas corpus, claiming that a disciplinary hearing at the United States Penitentiary ("USP") in Atlanta, Georgia, violated his Fifth Amendment due process rights.  As a result of the improper hearing, Mr. Howell complains, he lost 40 days of good-conduct time.

In an earlier Recommended Disposition ("the Recommendation") (docket entry #11) this Court recommended that Mr. Howell's petition be dismissed.  However, Mr. Howell filed an objection to the Recommendation asserting that R. Hodge, a case manager at the USP, participated substantially in the decision to refer him for disciplinary charges, then presided over the hearing where sanctions were imposed.  (#12)  In the light of Mr. Howell's objection, Judge Marshall declined to adopt the earlier Recommendation and returned the matter to this Court.  (#13)

At this Court's request, Respondent T.C. Outlaw filed a response addressing the factual allegations raised in Mr. Howell's objections to the earlier Recommendation. (#15)  Mr. Howell then replied to Warden Outlaw's response.  (#16, #17)  Mr. Howell still seeks restoration of the lost good-conduct time.

For the reasons below, as well as those articulated in the prior Recommendation (#11), Mr. Howell's petition for writ of habeas corpus should be denied and the case dismissed.

### III.    Background

Warden Outlaw filed the declaration of Robert A. Clark, Jr., along with his response addressing the allegations in Mr. Howell's objection.  Mr. Clark, a Senior Attorney-Advisor at the United States Department of Justice, Federal Bureau of Prisons ("BOP") Consolidated Legal Center, attaches to his declaration the BOP's records regarding Mr. Howell's disciplinary hearing at issue in this case.

BOP records confirm that on January 22, 2007, while an inmate at the USP, Mr. Howell received an Incident Report (#1558262) charging him with possession of a cellular telephone.  (#15-1 at pp. 2, 15)  The BOP employee who wrote the incident report was SIS Technician T. Esselbaum.  (#15-1 at pp. 3, 15)  Technician Esselbaum had conducted the pat search of another inmate that resulted in the discovery of a cell phone.  That phone included a telephone number that appeared only on Mr. Howell's approved telephone number list.  (#15-1 at p. 15)  The same day, Lt. R. Ward delivered the incident report to Mr. Howell and advised him of his rights relating to the report.  (#15-1 at pp. 3, 16)

On January 23, 2007, the Unit Disciplinary Committee ("UDC") Chairman, D. Griffin-Parks, referred the incident report to the Disciplinary Hearing Officer ("DHO").

(#15-1 at pp. 3, 15)  UDC member L. Minnis agreed with the referral.  (#15-1 at pp. 15)  Disciplinary Hearing Officer R. Hodge conducted a hearing regarding the incident on January 31, 2007, with Mr. Howell present.  (#1 at pp. 18-21)

## IV.     Discussion

In his petition, Mr. Howell claims that his due process rights were violated because Mr. Hodge, who conducted the disciplinary hearing at the USP, was also a case manager at the facility.  He argues that this violates BOP regulation 28 C.F.R. § 541.2(b).

In his objection to the earlier Recommendation, Mr. Howell alleges that Mr. Hodge, who presided over his disciplinary hearing, also "wrote up the sanctions and referred it to the DHO."  (#12 at p. 1)  There is no evidentiary support, however, for Mr. Howell's version of the events.

The Incident Report (#1558262) that charged Mr. Howell with possession of a cell phone was written by SIS Technician T. Esselbaum, who had conducted the pat search that resulted in the discovery of the cell phone.  Mr. Hodge did not draft the incident report, contrary to the allegation in Mr. Howell's objection.  (#15-1 at p. 15)  And it was Lt. R. Ward – not Mr. Hodge – who delivered the incident report to Mr. Howell and advised him of his rights relating to the report.  (#15-1 at pp. 3, 16)

UDC Chairman, D. Griffin-Parks and UDC member L. Minnis – not Mr. Hodge– referred the incident report to the DHO.  (#15-1 at pp. 3, 15)  Mr. Howell received advance written notice of the hearing; he had an opportunity to have a staff representative

and to call witnesses, but declined both; he received a written report from the DHO; and the decision of the DHO was supported by evidence in the record.  (#1 at pp. 18-21)

The allegations set forth in Mr. Howell's objection to the earlier Recommendation find no support in BOP records.  According to those records, Mr. Hodge was not a victim, witness, investigator, or otherwise significantly involved in the incident prior to serving as the hearing officer.  Here, Mr. Hodge was the type of impartial decision maker required under the 28 C.F.R. §541.8(b) (2011).

Mr. Howell relies on *Meyers v. Alldredge*, 492 F.2d 296 (3d Cir. 1974), to support his argument, and in fact, the Eighth Circuit has decided a similar case.  See *Jensen v. Satran*, 651 F.2d 605, 607 (8th Cir. 1981).  Both cases hold that an individual who participates substantially in the decision to refer an inmate for disciplinary charges cannot then preside over the hearing because such a conflict would violate due process.  See *Meyers*, 492 F.2d at 305; *Jensen*, 651 F.2d at 607.  Neither case is applicable here, however, because the BOP's records indicate that Mr. Hodge did not participate in the decision to refer Mr. Howell for disciplinary charges before presiding over his disciplinary hearing.

## V.     Conclusion

Mr. Howell's Fifth Amendment due process rights were not violated in the disciplinary proceeding that resulted in his loss of good-conduct time.  Therefore, the

Court recommends that Mr. Howell's petition be denied.

DATED this 19th day of February, 2013.

_____
UNITED STATES MAGISTRATE JUDGE